IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GABRIELLA TELLEZ,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-4058 |
| | § | |
| **HARRIS COUNTY, TEXAS,** | § | |
| **C. ROGERS, INDIVIDUALLY, AND** | § | |
| **B.E. FOREMAN, INDIVIDUALLY** | § | |
| | § | |
| *Defendants.* | | |

**DEFENDANT HARRIS COUNTY'S
MOTION TO DISMISS**

**TABLE OF CONTENTS**

Page(s)

I.   NATURE AND STAGE OF PROCEEDINGS ............................................................1

II.  STATEMENT OF THE ISSUES ...............................................................................3

III. SUMMARY OF ARGUMENT ..................................................................................4

IV.  STANDARD OF REVIEW ........................................................................................5

V.   ARGUMENT ..............................................................................................................6

   A.   Investigation and Report ......................................................................................7

   B.   Qualified Immunity ..............................................................................................8

   C.   *Los Angeles v. Heller* .........................................................................................10

   D.   Lack of Training & Supervision ........................................................................10

VI.  CONCLUSION .........................................................................................................14

# **TABLE OF AUTHORTIES**

Page(s)

Cases

A. *In Re Katrina Canal Breach Litig.*,
  495 F.3d 191 (5th Cir. 2007).................................................................. 1, 2, 3, 7
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................ 5, 6, 7
*Aviles v. Saldivar*,
  No. 4:22-CV-03571, 2023 WL 5487668 (S.D. Tex. Aug. 23, 2023)....................11
*Baker v. McCollan*,
  443 U.S. 137 (1979) ...........................................................................................9
*Baker v. Putnal*,
  75 F.3d 190 (5th Cir. 1996)...............................................................................11
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................ 5, 6, 7
*Benfer v. City of Baytown*,
  --F.4th-- (5th Cir. 2024) 2024 WL 4645878, fn. 2................................ 3, 7, 9
*Board of County Commissioners of Bryan County Oklahoma v. Brown*,
  520 U.S. 397 (1997) .........................................................................................13
*City of Canton, Ohio v. Harris*,
  489 U.S. 378 (1989) ................................................................................ 12, 14
*City of Los Angeles v. Heller*,
  475 U.S. 796 (1986) .....................................................................................5, 10
*Conner v. Travis County*,
  209 F.3d 794 (5th Cir. 2000).............................................................................11
*Connick v. Thompson*,
  563 U.S. 51 (2011)..............................................................................11, 13, 14
*Cozzo v. Tangipahoa Parish Council–Pres. Gov't*,
  279 F.3d 273 (5th Cir. 2002).............................................................................14
*Doe v Edgewood Independent School District*,
  964 F3d 351 (5th Cir 2020) ..............................................................................11
*Espinal v. City of Houston*,
  96 F.4th 741 (5th Cir. 2024) ...............................................................................9
*Funk v. Stryker Corp.*,
  631 F.3d 777 (5th Cir. 2011)..................................................................... 1, 2, 3, 8
*Hale v. King*,
  642 F.3d 492 (5th Cir. 2011)...............................................................................6

*In re Enron Corp.*,
   761 F.Supp.2d 504 (S.D. Tex. 2011) .......................................................................8
*Jackson v. Procunier*,
   789 F.2d 307 (5th Cir. 1986)...................................................................................5
*Leal v. McHugh*,
   731 F.3d 405 (5th Cir. 2013)...................................................................................6
*Loftin v. City of Prentiss*,
   33 F.4th 774 (5th Cir. 2022) ...................................................................................9
*Martinez v. Nueces Co.*,
   71 F.4th 385 (5th Cir. 2023) .................................................................................13
*Monell v. Dept. Social Svcs.*,
   436 U.S. 658 (1978) ...............................................................................................2
*Morin v. Caire*,
   77 F.3d 116 (5th Cir. 1996).....................................................................................5
*Piazza v. Mayne*,
   217 F.3d 239 (5th Cir. 2000)............................................................................9, 10
*Piotrowski v City of Houston*,
   237 F3d 567 (5th Cir 2001) ..................................................................................11
*Quadvest, L.P. v. San Jacinto River Authority*,
   7 F.4th 337 (5th Cir. 2021) .....................................................................................8
*Roberts v. City of Shreveport,*
   397 F.3d 287 (5th Cir. 2005)........................................................................ 12, 14
*Shaw v. Villanueva*,
   918 F.3d 414 (5th Cir. 2019)...................................................................................6
*Smit v. SXSW Holdings, Inc.*,
   903 F.3d 522 (5th Cir. 2018)...................................................................................8
*Snyder v. Trepagnier*,
   142 F.3d 791 (5th Cir. 1998).................................................................................12
*Taylor v. Hartley*,
   488 F. Supp. 3d 517 (S.D. Tex. 2020) ..................................................................11
*Thompson v. Upshur Cnty.*,
   245 F.3d 447 (5th Cir.2001) ......................................................................... 10, 14
*U.S. ex. rel. Riley v. St. Luke's Episcopal Hosp.*,
   355 F.3d 370 (5th Cir. 2004)...................................................................................8
*Wray v. State*,
   711 S.W.2d 631 (Tex. Cr. App. 1986) ................................................................2, 7

Statutes

42 U.S.C. §1983 ...........................................................................................................2

Tex. Penal Code §9.31, 9.41 and 9.42 ................................................................................8
Tex. Penal Code §22.01 and 22.02 ................................................................................2, 7

Rules

Fed. R. Civ. P. 8(a)(2) .......................................................................................................5
Fed. R. Civ. P. 11 ..........................................................................................................3, 7
Fed. R. Civ. P. 12(b)(6) ............................................................................................ 1, 3, 5

TO THE HONORABLE JUDGE HITTNER:

Defendant Harris County files this motion to dismiss under Fed. R. Civ. P. 12(b)(6), and shows the Court the following:

## I. NATURE AND STAGE OF PROCEEDINGS

1. Plaintiff filed suit on October 22, 2024. Docket Entry (DE) 1. Plaintiff alleges causes of action against Harris County, Deputy Sheriff Christopher Rogers and Deputy Sheriff B.E. Foreman.

2. Plaintiff claims the Defendants violated her Second, Fourth and Fourteenth Amendment rights arising out of her arrest and seizure of her firearm on December 10, 2022. Plaintiff, while working at Mills Auto Salvage, had a dispute and/or altercation with Alvin Riggins which resulted in Plaintiff pointing a firearm Mr. Riggins and threatening to shoot him.

3. Plaintiff alleges both Mr. Riggins and Plaintiff called the police. When Sheriff's Deputies arrived on the scene, they arrested Plaintiff for aggravated assault with a deadly weapon. Subsequent to the arrest, a magistrate found probable cause existed to detain Plaintiff for the Second Degree Felony of aggravated assault with a deadly weapon. Exhibit A. *In Re Katrina Canal Breach Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (Court may consider documents attached to Defendant's motion that are referenced in the Complaint.) and *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (Court may take judicial notice of public records.)

4. After additional investigation, the District Attorney moved to dismiss the charges on December 28, 2022, for lack of probable cause. Exhibit B. *In Re Katrina Canal Breach Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (Court may consider documents attached to Defendant's motion that are referenced in the Complaint.) and *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (Court may take judicial notice of public records.)

5. Plaintiff claims that Harris County failed to properly train and supervise Deputies on a citizen's right to use a firearm in self-defense. Plaintiff asserts claims under 42 U.S.C. §1983 and *Monell v. Dept. Social Svcs.*, 436 U.S. 658 (1978).

6. Plaintiff admits in the complaint that none of the Sheriff's Deputies witnessed the incident that led to her arrest. DE 1, para. 53-54.

7. Plaintiff admits that Mr. Riggins called 911. DE 1, para. 50.

8. Plaintiff admits that Mr. Riggins version of events differed from Plaintiff's version. DE 1, para. 63.

9. Plaintiff admits she left the booth she was in, pointed a firearm at Mr. Riggins, and threatened to shoot him. DE 1, para. 43-47.

10. In Texas, the elements of aggravated assault with a deadly weapon are exhibiting a deadly weapon and threatening imminent bodily harm. Tex. Penal Code §22.01 and 22.02 and *Wray v. State*, 711 S.W.2d 631, 634 (Tex. Cr. App. 1986).

Further, under Texas law, one may not intentionally harm a trespasser. *San Antonio & A.P. Ry. V. Morgan*, 46 S.W.28, 29 (Tex. 1898).

11. Plaintiff extensively references (and misrepresents) the Harris County Sheriff's Office incident report in her complaint and claims that Deputies omitted material facts. DE 1, para. 61-62. The report is attached as Exhibit C. The Court may consider the report. *Benfer v. City of Baytown*, --F.4th-- (5th Cir. 2024) 2024 WL 4645878 *1, fn. 2. *In Re Katrina Canal Breach Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (Court may consider documents attached to Defendant's motion that are referenced in the Complaint.) and *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (Court may take judicial notice of public records.) Exhibit C shows that the Defendants included Plaintiff's version of events in the incident report and did not omit material facts.

12. This motion is timely. In addition to the complaint being deficient under Fed. R. Civ. P. 12(b)(6), Plaintiff violated Fed. R. Civ. P. 11. Plaintiff misrepresented facts pertaining to the investigation and the incident report.

## II.   STATEMENT OF THE ISSUES

13. Whether Plaintiff's allegations show the incident report included pertinent information regarding Plaintiff's version of events and whether the allegations show the information available to the Deputies provided probable cause to arrest Plaintiff.

14.     Whether the Deputies are entitled to qualified immunity for Plaintiff's arrest given they received conflicting information about the incident and the Fifth Circuit has never held that an officer must investigate possible affirmative defenses.

15.     Whether Harris County can be liable to Plaintiff if the Deputies are protected by qualified immunity.

16.     Whether Plaintiff alleged sufficient facts to impose municipal liability on Harris County.

## III.     SUMMARY OF ARGUMENT

17.     The incident report at issue included Plaintiff's version of events and did not omit material facts. Since Plaintiff references the report is her Complaint, the Court may incorporate the report into the Complaint. Based on the incident report, Plaintiff's allegations are clearly false and there was probable cause for Plaintiff's arrest.

18.     The Deputies are entitled to qualified immunity for Plaintiff's arrest given they received conflicting information about the incident and the Fifth Circuit has never held that an officer must investigate possible affirmative defenses when making a probable cause determination. Further, an Assistant District Attorney accepted the charges while the Deputies were on the scene. Exhibit C. Finally, a magistrate concluded probable cause existed. Exhibit A.

19. Harris County cannot be liable to Plaintiff if the Deputies are protected by qualified immunity. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

20. Plaintiff did not allege sufficient facts to impose municipal liability on Harris County. Plaintiff did not allege any facts regarding the inadequacies of Defendant's training program. And, the Court may take judicial notice that the Texas Commission on Law Enforcement has mandated training on the Bill of Rights in the Basic Peace Officers Course for decades. In addition, Plaintiff did not allege any facts showing deliberate indifference. Plaintiff did not allege any facts regarding a pattern of practice of similar constitutional violations due to a lack of training or supervision.

## IV.   **STANDARD OF REVIEW**

21. This court must take all well-pleaded facts as true when considering a motion to dismiss. If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. See Fed. R. Civ. P. 12(b)(6). See *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

22. "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft*, 556 U.S. at 678-679. In short, the Plaintiff must plead plausible facts which if true, would impose liability on the Defendant. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). In the context of qualified immunity, the Court must determine whether the facts pled show an official violated clearly established law. *McNeal v. LeBlanc*, 90 F.4th 425, 430 (5th Cir. 2024).

23. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions are not sufficient. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim").

## V.     ARGUMENT

### A.  Investigation and Report

24. Deputies adequately investigated the incident and included Plaintiff's version of events in the report. Exhibit C. Plaintiff's stated allegations to the contrary are blatant misrepresentations and conflict with the incident report. The primary factual basis for Plaintiff's claim is demonstrably false. Therefore, Plaintiff does not meet the heightened pleading standard for a civil rights case. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)\ and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, Plaintiff's complaint violates Fed. R. Civ. P. 11. Plaintiff blatantly misrepresents facts that are in the public record and available to Plaintiff.

25. The Plaintiff allegations show that Deputies received two different versions of events about the incident at issue. The Deputies had probable cause to arrest Plaintiff because Plaintiff's admitted actions met the *prima facie* elements of aggravated assault with a deadly weapon. Tex. Penal Code §22.01 and 22.02 and *Wray v. State*, 711 S.W.2d 631, 634 (Tex. Cr. App. 1986).

26. Further, an Assistant District Attorney agreed to accept charges. Exhibit C. And, a magistrate found probable cause for the arrest. Exhibit A.

27. Since Plaintiff references the incident report in the Complaint, the report is *de facto* a part of Plaintiff's complaint. *Benfer v. City of Baytown*, --F.4th-- (5th Cir. 2024) 2024 WL 4645878 *1, fn. 2. *In Re Katrina Canal Breach Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (Court may consider documents attached to Defendant's motion

that are referenced in the Complaint.) and *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (Court may take judicial notice of public records.) It is essentially an exhibit to the Complaint.

28. The incident report vitiates Plaintiff's allegations of withholding and/or inaccurate information in the report. Under 12(b)(6), when an exhibit contradicts an allegation, the exhibit controls. The contrary allegation is ignored. *See Quadvest, L.P. v. San Jacinto River Authority*, 7 F.4th 337, 346 (5th Cir. 2021); *Smit v. SXSW Holdings, Inc.*, 903 F.3d 522, 528 (5th Cir. 2018); *U.S. ex. rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004); *In re Enron Corp.*, 761 F.Supp.2d 504, 518 (S.D. Tex. 2011).

29. So, the report, as an exhibit, controls over Plaintiff's stated allegations. The report shows Defendants included the material information in the report. It also shows an Assistant District Attorney agreed to accept charges against Plaintiff. The Complaint is defective on its face.

    **B. Qualified Immunity**

30. The allegations against the Deputies show they are entitled to qualified immunity. To determine whether a government official is entitled to qualified immunity the Court must determine, (1) whether the undisputed facts and disputed facts, accepting the plaintiffs' version of the disputed facts as true, constitute a violation of a constitutional right, and (2) whether the defendant's conduct was

objectively reasonable in light of clearly established law. *Benfer v. City of Baytown*, --F.4th-- (5th Cir. 2024) 2024 WL 4645878 *1, fn. 2. Plaintiff has no clearly established right to an exhaustive investigation of potential defenses prior to arrest.

31.   Plaintiff alleges her actions were legal based on her right to self-defense and/or defense of property. These are affirmative defenses. Tex. Penal Code §9.31, 9.41 and 9.42. There is no body of law in the Fifth Circuit that requires an arresting officer to fully investigate a possible affirmative defense. An officer is not required to investigate an arrestee's possible defenses. *Baker v. McCollan*, 443 U.S. 137, 145-46 (1979). The existence of an affirmative defense does not vitiate probable cause to make an arrest. *Loftin v. City of Prentiss*, 33 F.4th 774, 780 (5th Cir. 2022). The *Loftin* case is directly on point. The police are not required to accept assertions of an affirmative defense when evaluating probable cause. Plaintiff admitted to the elements of the crime. The Deputies had two versions of events. Plaintiff's position in this case would effectively substitute police officers for the judicial fact finder. The fact scenario in this case is precisely why Courts and the adversarial system exist.

32.   Further, the Fifth Circuit has repeatedly refused to hold facts supporting an affirmative defense are relevant to a probable cause determination. *Espinal v. City of Houston*, 96 F.4th 741, 747 (5th Cir. 2024); *Piazza v. Mayne*, 217 F.3d 239, 246-47 (5th Cir. 2000). Thus, the Deputies did not violate a clearly established right by

arresting Plaintiff when Plaintiff admitted to the elements of the crime, and they received conflicting information about the incident. Plaintiff's defense was not conclusively established. *Id.* A reasonable officer could (and should) decide that a court must resolve factual disputes.

33. Plaintiff admitted facts that met the *prima facie* elements of the charged crime. And, the Deputies received conflicting version of events. An independent witness indicated Mr. Riggins version of events was truthful. Exhibit C. Therefore, the Deputies are entitled to qualified immunity. Their conduct was reasonable.

### C. Los Angeles v. Heller

34. If the Deputies are entitled to qualified immunity based on Plaintiff's allegations, they are not liable to Plaintiff. If the Deputies are not liable, then Defendant cannot be liable. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Municipal liability can only follow individual liability.

### D. Lack of Training & Supervision

35. Plaintiff's allegations regarding lack of training and supervision are conclusory. Plaintiff claims Defendants violated her Second, Fourth, and Fourteenth Amendment rights when the County failed to train Deputies on Second Amendment rights and failed to supervise the Deputies resulting in Plaintiff's arrest.

36. Under § 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability. *Thompson v. Upshur Cnty.,* 245

F.3d 447, 459 (5th Cir.2001). The plaintiff must present evidence that the municipality is itself legally responsible for the challenged conduct. *Doe v Edgewood Independent School District*, 964 F3d 351, 364–65 (5th Cir 2020). This is generally established by proving that (i) an official policy (ii) promulgated by a municipal policymaker (iii) was the "moving force" behind the violation of a constitutional right. *Piotrowski v City of Houston*, 237 F3d 567, 578 (5th Cir 2001) (citations omitted). See also, *Aviles v. Saldivar*, No. 4:22-CV-03571, 2023 WL 5487668, at *3 (S.D. Tex. Aug. 23, 2023).

37. Plaintiff only makes conclusory allegations on failure to train and supervise. As this court noted, "[t]he Supreme Court observes, 'A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.'" *Taylor v. Hartley*, 488 F. Supp. 3d 517, 535–40 (S.D. Tex. 2020), citing to *Connick v. Thompson*, 563 U.S. 51, 61 (2011). To state such a claim, a plaintiff must plead that:

> a. the training procedures of the municipality's policymaker were inadequate;
> 
> b. the policymaker was deliberately indifferent in adopting the training policy; and
> 
> c. the inadequate training policy directly caused the plaintiff's injury.

*Conner v. Travis County*, 209 F.3d 794, 796 (5th Cir. 2000), quoting *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996).

38. Municipal liability doesn't attach merely because "a particular officer may be unsatisfactorily trained" or "an otherwise sound program has occasionally been negligently administered." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390–91 (1989). The Fifth Circuit directs with the first element that the focus must be on the adequacy of the training program in relation to the tasks the particular officer must perform. *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998), quoting *City of Canton,* 489 U.S. at 390. To survive a motion to dismiss, the plaintiff must allege with specificity how the training program is defective. *Roberts v. City of Shreveport,* 397 F.3d 287, 293 (5th Cir. 2005). Plaintiff alleges that Deputies receive no training on the Second Amendment. This is conclusory. And demonstrably inaccurate based on public records from Texas Commission on Law Enforcement (TCOLE). The Court can take judicial notice that TCOLE has required training on the Constitution and Bill of Rights to obtain a basic peace officer license since at least the 1970s. See, e.g., Exhibit D and https://www.tcole.texas.gov/document/history_of_bpoc-2023.pdf.

39. Plaintiff neither alleges specific facts about the training protocols in Harris County (or TCOLE) nor describes any deficiencies in the program in light of defendant officers' duties. *Snyder*, 142 F.3d at 798. Plaintiff has not identified a specific training program or shown how it is inadequate. Her allegations do not show the training caused her injury.

40. Importantly, the Deputies arrested Plaintiff for aggravated assault—not possessing a firearm. So, the Second Amendment is not even at issue. Plaintiff's right to "keep and bear arms" was not infringed based on her allegations. Defendants arrested Plaintiff for her admitted actions of pointing a firearm at Riggins and threatening to shoot him. These actions are a crime in Texas.

41. Plaintiff also does not properly plead deliberate indifference. This is "a stringent standard of fault," one "requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick*, 563 U.S. at 61, quoting *Board of County Commissioners of Bryan County Oklahoma v. Brown*, 520 U.S. 397, 410 (1997). "Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program." *Connick*, 563 U.S. at 61.

42. A municipality's deliberate indifference requires a plaintiff to allege a pattern of similar constitutional violations by untrained employees. *Id.* at 62. Plaintiff's allegations of a pattern must be specific, sufficiently numerous, and similar incidents. *Martinez v. Nueces Co.*, 71 F.4th 385, 389 (5th Cir. 2023). Plaintiff cannot simply rely on prior bad acts. Plaintiff does not allege any similar violations.

43. A plaintiff must generally show that, given the duties assigned to specific officers or employees, "the need for more or different training is obvious, and the

inadequacy is likely to result in the violation of constitutional rights." *City of Canton*, 489 U.S. at 390. Plaintiff alleges no pattern of similar violations by other allegedly untrained employees, which is "ordinarily necessary" to establish the requisite deliberate indifference to state a failure-to-train claim. *Connick*, 563 U.S. at 62-63.

44. Plaintiff alleges failure to supervise as the basis for liability and must show: (1) failure to supervise the officers involved; (2) a causal link between the failure to supervise and the alleged violation of the plaintiff's rights; and (3) the failure to supervise amounted to deliberate indifference to the plaintiff's constitutional rights. *Thompson,* 245 F.3d at 459. Proof of a single instance, rather than a pattern of similar violations, normally will not sustain a lack of supervision claim. *Cozzo v. Tangipahoa Parish Council–Pres. Gov't,* 279 F.3d 273, 286–87 (5th Cir. 2002).

45. To be entitled to the "single act" exception to the general rule, applicable only in certain extreme circumstances, a plaintiff must show that the "highly predictable" consequence of the failure to supervise would result in the specific injury suffered and that the failure to supervise represented the "moving force" behind the constitutional violation. *Roberts v. City of Shreveport,* 397 F.3d 287, 295 (5th Cir. 2005).

46. Plaintiff does not allege how this training is insufficient. Plaintiff alleges no facts that sufficient to state a claim for a failure to train or supervise.

## VI. CONCLUSION

47. Plaintiff's allegations are insufficient to state a claim for which relief can be granted. Plaintiff made demonstrably false allegations regarding the information the Deputies reported. Plaintiff has not identified a body of law that required the Deputies to fully investigate her claimed affirmative defenses and then resolve the factual disputes between Plaintiff and Mr. Riggins in Plaintiff's favor. Plaintiff has not alleged any facts showing a failure to train or supervise. Plaintiff failed to identify any similar incident. Plaintiff's allegations are conclusory.

48. The facts Plaintiff has alleged would not impose liability on the Harris County or the Deputies. Harris County requests that all Plaintiff's claims be dismissed with prejudice.

Date: November 18, 2024

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS
Respectfully submitted,

By:   */s/ Frank Ford*
**FRANK FORD**
Assistant County Attorney

15

ATTORNEY-IN-CHARGE
Federal ID No. 565385
State Bar No. 24012642
Phone: (832) 570-7582 (direct)
Frank.ford@harriscountytx.gov

**VERONICA L. JONES**
Assistant County Attorney
State Bar No. 24097902
Federal ID No. 3639763
Tel: (713) 274-5181 (direct)
Veronica.Jones@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
Harris County Attorney's Office
1019 Congress
Houston, Texas 77002

**ATTORNEYS FOR DEFENDANT HARRIS COUNTY**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties.

*/s/ Frank Ford*
FRANK FORD