United States District Court
Southern District of Texas
**ENTERED**
September 04, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GABRIELLA TELLEZ, § § | |
| Plaintiff, § § | |
| v. § § | Civil Action No. H-24-4058 |
| HARRIS COUNTY TEXAS AND § CHRISTOPHER ROGERS § § | |
| Defendants. § | |

## ORDER

Pending before the Court are Defendant Harris County's Motion to Dismiss (Document No. 8); and Defendant Christopher Rogers' Motion to Dismiss (Document No. 10). Having considered the Defendants' motions, submissions, and applicable law, the Court determines that Defendant Harris County's motion should be denied, and Defendant Christopher Rogers' motion should be granted.

## I. BACKGROUND

This is a matter involving alleged violations of the United States Constitution. Plaintiff Gabriella Tellez brings suit against Defendants Harris County and Christopher Rogers ("Rogers") (collectively, "Defendants"). Plaintiff alleges that Defendants deprived her of her Second and Fourth Amendment rights by detaining her, arresting her, seizing her property, charging her, and jailing her, "all without warrant or reasonable suspicion or probable cause" during Plaintiff's employment at

Mills Auto Storage, an impound lot used by law enforcement for impounded vehicles.[1]

On December 10, 2022, a nonparty to this matter, Alvin Riggins ("Riggins"), came to Mills Auto Storage to retrieve his car after being released from jail. Plaintiff contends that Riggins was unable to show proof of ownership, and thus, Plaintiff denied Riggins entry to the lot causing him to become angry. Plaintiff further contends that Riggins pushed open the gate and begin approaching Plaintiff. At that point, Plaintiff deployed her personal firearm and pointed it at Riggins. Plaintiff alleges that Riggins turned away and walked out of the impound lot. Shortly thereafter, officers from the Harris County Sherrif's Department arrived on the scene and Plaintiff was arrested for assault with a deadly weapon.

Based on the foregoing, on October 22, 2024, Plaintiff filed suit in this Court asserting claims against the Defendants for "violations of the Fourth Amendment," "violations of the Second Amendment," and "municipal liability."[2] On November 18, 2024, Harris County filed a motion to dismiss for failure to state a claim upon which relief can be granted. On November 25, 2024, Rogers filed a motion to dismiss for failure to state a claim upon which relief can be granted. On December 9, 2024,

---

[1] *Plaintiff's Complaint*, Document No. 1, ¶ 9.

[2] *Plaintiff's Complaint*, Document No. 1 at 14–16.

Plaintiff responded to the Defendants' pending motions to dismiss. On December 16, 2024, both Defendants replied in support of their motions to dismiss.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point

of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Harris County and Rogers both move to dismiss Plaintiff's complaint, contending that the Plaintiff fails to state a claim upon which relief can be granted. The Court will consider, in turn, the merits of each pending motion before the Court.

*A. Defendant Harris County's Motion to Dismiss*

Plaintiff's complaint alleges that Harris County is municipally liable for Rogers' actions because they failed to properly train Rogers. Harris County moves to dismiss Plaintiff's complaint, contending that Plaintiff fails to state a claim upon which relief can be granted. Harris County argues that they cannot be found liable if qualified immunity is found to apply to Rogers' actions and that Plaintiff's allegations are conclusory. Plaintiff contends that the pleadings are sufficient to satisfy the applicable pleading requirements and survive a motion to dismiss.

Under 42 U.S.C. § 1983, a municipality may be liable if execution of the government's policy results in constitutional violations. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also* 42 U.S.C. § 1983. To succeed on a claim for municipal liability, a plaintiff must prove "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy of custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). However, the Fifth

4

Circuit has made clear that overcoming a motion to dismiss requires only that the plaintiff "plead facts that the challenged policy was promulgated or ratified by the city's policymaker." *Gorden v. City of Dallas*, 826 F.3d 280, 285 (5th Cir. 2016). A plaintiff is not required to reference a specific municipal policy in their pleadings. *See id.*

Here, Harris County relies on Supreme Court precedent arguing that "[i]f the Deputies are not liable, then Defendant [Harris County] cannot be liable."[3] *See City of Los Angeles v. Heller*, 475. U.S. 796, 799 (1986) (holding that a jury's conclusive finding that an officer did not violate a constitutional right necessarily precluded a finding that the city itself violated a constitutional right).[4] Harris County further alleges that Plaintiff's complaint should be dismissed because it makes conclusory allegations regarding training and supervision. In response, Plaintiff contends that she has plead sufficient facts to meet the pleading stage requirements.

A thorough review of the record in this case reveals that Plaintiff has plead

---

[3] *Defendant Harris County's Motion to Dismiss*, Document No. 8, ¶ 34.

[4] The Court has independently reviewed *Los Angeles v. Heller*. In doing so, the Court notes that *Heller* is distinguished from this current case because *Heller* did not address the question of qualified immunity. It is long established that a municipality can be held liable for policies that result in constitutional violations. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).

sufficient facts giving rise to her municipal liability claim against Harris County.[5] Thus, given the Fifth Circuit's guidance that a Plaintiff must only plead facts suggesting that the municipality promulgated a policy that resulted in a constitutional violation, and that facts pleaded must only make a claim plausible, the Court finds that Plaintiff has sufficiently plead their municipal liability claim. Accordingly, the Court finds that Harris County's motion to dismiss should be denied. The Court will now consider Rogers' pending motion to dismiss.

*B. Defendant Christopher Rogers' Motion to Dismiss*

Rogers moves to dismiss Plaintiff's complaint, contending that Plaintiff fails to state a claim upon which relief can be granted. Rogers contends that he is entitled to qualified immunity and thus, immune from suit. In response, Plaintiff contends that she has plead sufficient facts showing that there was a clearly established constitutional right that was violated and thus, that Rogers' motion should be denied.

When government officials are sued for a constitutional violation under Section 1983, they may assert the affirmative defense of qualified immunity. *Porter v. Ascension Parish Sch. Bd.*, 393 F.3d 608, 612 (5th Cir. 2004). "Qualified immunity protects government officials performing discretionary functions from

---

[5] A review of the Plaintiff's complaint reveals that Plaintiff plead facts including "[a]ny training and supervision on these issues [an individual's right to own and properly use a firearm] would have prevented the violation of Gabriella's well-established Constitutional rights." *Plaintiff's Complaint*, Document No. 1, ¶ 97.

6

[civil] liability 'unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001) (quoting *Gibson v. Rich*, 44 F.3d 274, 276 (5th Cir. 1995)). The defense of qualified immunity provides ample room for mistaken judgments on the government actors' part and protects "all but the plainly incompetent or those who knowingly violate the law." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Qualified immunity is "immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Once qualified immunity is asserted, the burden shifts to the plaintiff to demonstrate the defense does not apply. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). This burden requires the plaintiff to allege sufficient facts showing that: (1) the defendants violated a clearly established constitutional right; and (2) the defendants' actions were objectively unreasonable under the circumstances. *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004). This inquiry also requires a court to "ask whether the law so clearly and unambiguously prohibited his conduct that every reasonable official would understand that what he is doing violates the law." *Morgan v. Swanson*, 696 F.3d 359, 370 (5th Cir. 2011). "In other words, existing precedent must have placed the statutory or constitutional

question confronted by the official beyond debate." *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

In the current case, Rogers contends that he is entitled to qualified immunity. Rogers further contends, based on Supreme Court precedent, that "Plaintiff has no clearly established right to an exhaustive investigation of potential defenses prior to arrest."[6] *See Baker v. McCollan*, 443 U.S. 137, 145–46 (1979). In response, Plaintiff argues that "[a] constitutional right is 'clearly established' if no reasonable officer would have thought the officer's acts passed constitutional muster."[7] Plaintiff contends that they have pleaded sufficient facts to show that there was a clearly established constitutional right.

Here, Rogers contends that "[t]he allegations against the Deputies show they are entitled to qualified immunity."[8] Rogers further contends that Fifth Circuit case law makes clear that "[t]he existence of an affirmative defense does not vitiate probable cause to make an arrest."[9] In response, Plaintiff offers limited rebuttal, raising only the affirmative defense that Plaintiff had a clearly established

---

[6] *Defendant Christopher Rogers' Motion to Dismiss*, Document No. 10, ¶ 27.

[7] *Plaintiff's Response to Defendants' Motion to Dismiss Documents 8 & 10*, Document No. 11, ¶ 19.

[8] *Defendant Christopher Rogers' Motion to Dismiss*, Document No. 10, ¶ 27.

[9] *Defendant Christopher Rogers' Motion to Dismiss*, Document No. 10, ¶ 28; *see also Loftin v. City of Prentiss*, 33 F.4th 774, 780 (5th Cir. 2022).

8

constitutional right allegedly violated by Rogers. The Court has reviewed the record in this matter in detail. A thorough review of the record reveals that Plaintiff fails to sufficiently show that Rogers' actions were objectively unreasonable given the circumstances. Thus, given the Fifth Circuit's guidance that a plaintiff bears the burden of alleging sufficient facts showing both a violation of a person's rights and unreasonable action by the allegedly offending officer, the Court finds that Plaintiff's claim fails to overcome Rogers' presumption of qualified immunity. Accordingly, the Court finds that Plaintiff fails to state a claim upon which relief can be granted, and thus, her claims against Rogers should be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Harris County's Motion to Dismiss (Document No. 8) is **DENIED**. The Court further

**ORDERS** that Defendant Christopher Rogers' Motion to Dismiss (Document No. 10) is **GRANTED**. The Court further

**ORDERS** that Plaintiff Gabriella Tellez's claims against Christopher Rogers are **DISMISSED**.

SIGNED at Houston, Texas, on this __4__ day of September, 2025.

_____
DAVID HITTNER
United States District Judge