Case 4:24-cv-04058   Document 28   Filed on 09/25/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
September 26, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GABRIELLA TELLEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-24-4058 |
| | § | |
| HARRIS COUNTY TEXAS, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant Harris County and Christopher Rogers' Motion for Summary Judgment Subject to Pending Motions (Document No. 22).[1] Having considered the motion, submissions, and applicable law, the Court determines that the motion for summary judgment should be granted.

## I. BACKGROUND

This is a matter involving alleged violations of the United States Constitution. Plaintiff Gabriella Tellez brings suit against Defendant Harris County. On December 10, 2022, a nonparty to this matter, Alvin Riggins ("Riggins"), came to Mills Auto Storage to retrieve his car after being released from jail. Plaintiff contends that

---

[1] The Court notes that Christopher Rogers is no longer a party to the current case. The Court will consider the motion as it relates to Harris County. *Order Denying Harris County's Motion to Dismiss and Granting Christopher Rogers' Motion to Dismiss*, Document No. 23 at 9.

1

Riggins was unable to show proof of ownership, and thus, Plaintiff denied Riggins entry to the lot causing him to become angry. Plaintiff further contends that Riggins pushed open the gate and began approaching Plaintiff. At that point, Plaintiff deployed her personal firearm and pointed it at Riggins. Plaintiff alleges that Riggins turned away and walked out of the impound lot. Shortly thereafter, officers from the Harris County Sherrif's Department arrived on the scene and Plaintiff was arrested for assault with a deadly weapon.

Plaintiff alleges that Defendant deprived her of her Second and Fourth Amendment rights by detaining her, arresting her, seizing her property, charging her, and jailing her, "all without warrant or reasonable suspicion or probable cause" during Plaintiff's employment at Mills Auto Storage, an impound lot used by law enforcement for impounded vehicles.[2] Plaintiff further alleges that Defendant "provided no training or supervision of HSCO [Harris County Sheriff's Office] deputies on an individual's right to own and property use a firearm in self defense or defense of property."[3] Plaintiff contends that this alleged failure resulted in the violation of her rights.

---

[2] *Plaintiff's Complaint*, Document No. 1, ¶ 9.

[3] *Plaintiff's Complaint*, Document No. 1, ¶ 97.

2

Based on the foregoing, on October 22, 2024, Plaintiff filed suit in this Court pursuant to the Court's federal question jurisdiction asserting the claim of "municipal liability" against the Defendant.[4] On August 29, 2025, Defendant moved for summary judgment. On September 19, 2025, Plaintiff responded.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

---

[4] *Plaintiff's Complaint*, Document No. 1 at 14–16.

3

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

### III. LAW & ANALYSIS

Defendant moves for summary judgment, contending there is no genuine issue of material fact for a jury to consider in this matter. In response, Plaintiff contends

that there is a dispute as to a material fact and that the Defendant's motion for summary judgment should be denied.

Plaintiff alleges a municipal liability claim for alleged violations of her Fourth and Second Amendment rights under the United States Constitution. Under 42 U.S.C. § 1983, a municipality may be liable if execution of the government's policy results in constitutional violations. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also* 42 U.S.C. § 1983. To succeed on a claim for municipal liability, a plaintiff must prove "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy of custom [occurred]." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Failure to train can lead to municipal liability in limited circumstances "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). The failure to train can satisfy the element requiring an official policy, but only if the "failure to train reflects a 'deliberate' or 'conscious' choice by a municipality[.]" *Id.* at 389.

Here, Defendant contends that they are entitled to summary judgment because Plaintiff fails to provide evidence that Defendant was deliberately indifferent or that any pattern of similar constitutional violations exists. Defendant further contends that despite Plaintiff's contentions, Plaintiff has failed to meet the "stringent standard

of fault" required to show deliberate indifference.[5] *See Connick v. Thompson*, 563 U.S. 51, 60 (2011). Plaintiff contends that she has provided sufficient evidence showing a genuine issue of material fact. Plaintiff relies, in part, on Supreme Court precedent holding that "[m]unicipal liability can be based on a single incident that demonstrates an obvious failure-to-train and failure-to-supervise."[6] *See City of Canton*, 489 U.S. 378 at 388.[7] Plaintiff further contends that her affidavit, which states in part that "HSCO needs to train and supervise its officers never to file misleading one-sided reports" contains sufficient evidence that her rights were violated intentionally or with deliberate indifference.[8] Lastly, Plaintiff contends that a systemic problem is evidenced by the fact that all the responding officers, seven total, were "all ignorant of or deliberately indifferent to the requirements for assessing probable cause[.]"[9]

---

[5] *Defendants Harris County and Christopher Rogers' Motion for Summary Judgment Subject to Pending Motions*, Document No. 22, ¶ 45.

[6] *Plaintiff Gabriella Tellez' Response to Harris County's Motion for Summary Judgment*, Document No. 25, ¶ 3.

[7] The Court notes that *City of Canton* holds "it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious . . . that the policymakers of the city can reasonable be said to have been deliberately indifferent[.]" *See City of Canton*, 489 U.S. 378 at 390. However, the Court further notes that Plaintiff's summary judgment evidence detailing a single event is insufficient to show an obvious need for different or additional training.

[8] *Plaintiff Gabriella Tellez' Response to Harris County's Motion for Summary Judgment*, Document No. 25, Exhibit 1, ¶ 56 (*Affidavit of Plaintiff Gabriella Tellez*).

[9] *Plaintiff Gabriella Tellez' Response to Harris County's Motion for Summary*

The Court has reviewed the record in this matter in detail. A thorough review of the record reveals that Plaintiff fails to present sufficient evidence showing that Defendant was deliberately indifferent in any failure to train. Considering the Supreme Court's clear guidance that a failure to train must be deliberate or conscious, the Court finds that Plaintiff has failed to offer sufficient summary judgment evidence to survive the pending motion for summary judgment. Based on the foregoing, the Court finds Plaintiff fails to raise a genuine issue of material fact to survive Defendant's motion for summary judgment. Therefore, summary judgment is proper.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants Harris County and Christopher Rogers' Motion for Summary Judgment Subject to Pending Motions (Document No. 22) is **GRANTED** with respect to Defendant Harris County.

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this 25 day of September, 2025.

DAVID HITTNER
United States District Judge

---

*Judgment*, Document No. 25, ¶ 9.